**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| MATTHEW A. PEARSON, II, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-07-1935 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Matthew A. Pearson, II, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a conviction imposed by a state court in Fort Bend County, Texas.

The threshold issue is whether Pearson has stated meritorious grounds for federal habeas relief. Based on careful consideration of the pleadings; the record; and the applicable law, this court denies the federal petition and, by separate order, enters final judgment.

**I.      Background**

On February 12, 2007, prison officials at the Estelle Unit conducted a disciplinary hearing in disciplinary case 20070162751. The hearing officer found Pearson guilty of an unspecified offense. Pearson's punishment consisted of a loss

of commissary privileges for 45 days; cell restriction for 45 days; placement in solitary confinement for 15 days; a reduction in good-time earning class status from Line 1 to Line 3; and a loss of 1,414 days good-time credits.

Pearson filed a Step One Grievance, which was denied on March 28, 2007. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 5). Pearson filed a Step Two Grievance, which was denied on April 20, 2007. (*Id.* at 6).

On June 6, 2007, this court received Pearson's federal petition. Pearson contends that his conviction in disciplinary case #20070162751 is void for the following reasons:

(1)    He entered a plea of guilty without understanding the consequences of such plea;

(2)    His right to due process was violated because the disciplinary hearing officer upgraded the case;

(3)    Counsel substitute failed to advise petitioner not to plead guilty and to object to the upgrade of the charges; and

(4)    The charge improperly indicated the incident took place on the Estelle Unit instead of the Byrd Unit.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8).

2

## II.    The Legal Standard

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993).   A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case.   However, when the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms,* 459 U.S. 460 (1983).

3

In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

III.   **Analysis**

Pearson's punishment consisted of a loss of commissary privileges for 45 days; cell restriction for 45 days; placement in solitary confinement for 15 days; a reduction in good-time earning class status from Line 1 to Line 3; and a loss of 1,414 days good-time credits.

To the extent that Pearson attempts to assert a claim of a denial of due process based on the loss of privileges and solitary confinement, his claims are barred by *Sandin.* In *Sandin,* a prisoner was placed in disciplinary segregation for thirty days,

4

but received no discipline that inevitably affected the duration of his sentence. The Court held that such sanctions did not require the procedural protections set out in *Wolff* and *Hewitt*. In this case, the punishments that Pearson received, loss of privileges and solitary confinement, are not the types of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484, 486 n.9. The punishment changed the conditions of Pearson's confinement, but did not give rise to a due process claim. *Madison,* 104 F.3d at 767-68.

Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison,* 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.*

Pearson has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P.

ANN. art. 42.18 § 8(a)).[1]  Any argument that Pearson is entitled to be considered for release on parole at a particular time lacks merit.

Pearson may complain that the reduction in his good-time earning class status has delayed his release on parole, creating a due process violation.  Punishment consisting of the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995).

Pearson may complain of the delay in his release to mandatory supervision. Pearson is ineligible for release to mandatory supervision for his sentence for aggravated robbery.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 2).  Pearson lost 1,414 days of good-time credits.

In *Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000), the Fifth Circuit concluded that there is a constitutional expectancy of early release for earned good-time credits created by the Texas mandatory supervision scheme in place before September 1, 1996.  *Id.* at 958.  *Malchi* was decided under the Texas mandatory supervision scheme in place prior to September 1, 1996. Effective September 1, 1996, the mandatory supervision law was revised to provide for a discretionary

---

[1]   The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker,* 104 F.3d at 768; *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles,* 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene,* 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied,* 501 U.S. 1210 (1991).

mandatory supervision scheme. *See* TEX. GOV'T CODE ANN. § 508.149(b) (Vernon Supp. 2003). The Fifth Circuit has yet to rule on whether a constitutional expectancy of early release exists under Texas's revised statute or whether a Texas prisoner convicted after September 1, 1996 has a constitutional interest in his accrued good-time credits under the current law.[2]

The language in the new section was designed to avoid creating a protected liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 536, n.1 (5th Cir. 2001). Despite the apparent intent of the legislature, the Fifth Circuit has not yet decided whether the loss of good-time credits implicates due process concerns under the current statute, but has assumed that it does. *Id.* at 536. Also, the Texas Court of Criminal Appeals has held that the language of the statute does create a liberty interest in mandatory supervision. *Ex Parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000).

---

[2]In *Hudson v. Johnson*, 242 F.3d 534 (5th Cir. 2001), the Fifth Circuit noted that it had addressed the issue from a variety of angles, but no case directly addressed the issue of whether Texas prisoners have a constitutional interest in their accrued good-time credits under current Texas law. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-1080 (5th Cir. 1997) (holding that there is no protected liberty interest in the restoration of good-time credits forfeited for disciplinary infractions under an older statutory scheme); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (holding that Texas parole statutes do not create a protected liberty interest under an older statutory scheme); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (noting the same but declining to decide whether there is a constitutional expectancy of early release under mandatory supervision when a prisoner has accrued good-time credits); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (resolving the issue left open in *Madison* and holding that there is a constitutional expectancy of early release created by the mandatory supervision provisions of an older statutory scheme).

Pearson was convicted in 1992. Pearson is ineligible for mandatory supervision and, thus, does not have any constitutionally protected interest in his loss of good-time credit. Pearson is serving a twenty-year sentence for aggravated robbery. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 2). He is ineligible for mandatory supervision according to the mandatory supervision statute in effect when he committed the underlying offense of aggravated robbery. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(D). A prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for a second-degree felony under Section 29.03, Penal Code (Aggravated Robbery). TEX. CODE CRIM. PROC. art. 42.12, § 3g(a)(1)(D)(Vernon 1992). Pearson lost good-time credit, but he has no protected liberty interest in the loss of his accrued good-time because he is ineligible for release to mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

As discussed above, the material fact is whether the punishment imposed had an effect on Pearson's sentence or parole. Pearson states that he lost good-time credits. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 5). Because

8

he is ineligible for release to mandatory supervision, the punishment he received did
not affect his sentence.

Pearson's federal petition does not present grounds warranting habeas relief.

## IV.   Conclusion

Pearson's petition for a writ of habeas corpus is DENIED.   This case is
DISMISSED.   Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of
Appealability is a substantial showing of the denial of a constitutional right.
*Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,*
529 U.S. 473, 483-84 (2000)).   Under that standard, an applicant makes a substantial
showing when he demonstrates that his application involves issues that are debatable
among jurists of reason, that another court could resolve the issues differently, or that
the issues are suitable enough to deserve encouragement to proceed further.   *See*
*Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).   Specifically, where a district
court has rejected a prisoner's constitutional claims on the merits, the applicant must
demonstrate that reasonable jurists would find the district court's assessment of the
constitutional claims debatable or wrong.   *Slack,* 529 U.S. 484.

9

This court denies Pearson's petition after careful consideration of the merits of his constitutional claims.  This court denies a COA because Pearson has not made the necessary showing for issuance.

SIGNED at Houston, Texas, on _____ June 13 _____, 2007.


VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

10